UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Norman T. Reitmeyer,

        Plaintiff,

v.

        Case No. 5:22-CV-10578
        Hon. Judith E. Levy

Judge Archie Brown,

        Defendant.
_____/

# **OPINION AND ORDER OF SUMMARY DISMISSAL**

## I. Introduction

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. In his complaint, Michigan prisoner Norman T. Reitmeyer challenges his 2006 state criminal proceedings asserting that he was sentenced illegally because the trial judge used a 30-year-old case to enhance his sentence. Plaintiff names Washtenaw County Circuit Court Judge Archie Brown as the Defendant in this action and sues him in his official capacity. Plaintiff seeks release from custody, monetary damages, and other relief. Plaintiff has also filed a request for immediate release and the appointment of counsel. (ECF No. 6.)

The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. (ECF No 4.) For the reasons set forth below, the Court dismisses the complaint, denies the request for relief, and concludes that an appeal cannot be taken in good faith.

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to, on its own, dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must

3

allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

### III. Discussion

Plaintiff challenges the validity of his state criminal proceedings, namely the validity of his sentence. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), however, not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his

4

continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487–89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims, his continued confinement would be called into question. Consequently, his complaint is barred by *Heck* and must be dismissed.

Additionally, Plaintiff's claims against Judge Brown in his official

5

capacity are subject to dismissal, in part, based upon sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (citing *Thiokol*). The Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief. *See Carten v. Kent State Univ.*, 281 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

"The State of Michigan . . . has not consented to being sued in civil

6

rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate Eleventh Amendment immunity when it passed § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). The Michigan Supreme Court and its lower courts operate as arms of the state and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3–4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). The Eleventh Amendment applies to state employees, such as judges, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Judge Brown, a state-court judge who acted within his authority as a judge, is thus entitled to Eleventh Amendment immunity on any claims for relief other than prospective injunctive relief.

7

## IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his complaint and that Defendant Judge Brown is entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] Given this determination, the Court also **DENIES** as moot Plaintiff's request for immediate release and the appointment of counsel. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: January 17, 2023       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                     United States District Judge

---

[1] This dismissal is without prejudice to any claims Plaintiff may bring challenging his state criminal proceedings in a habeas action or in a civil rights action should his convictions be overturned or otherwise declared invalid. The Court makes no determination as to the substantive or procedural merits of any such actions.

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
